UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASSOCIATED FINANCIAL GROUP, LLC,

    Plaintiff,

v.                                        Case No. 10-C-419

QUALIFIED ANNUITY SERVICES, INC.,

    Defendant.

## DECISION AND ORDER

Defendant Qualified Annuity Services, Inc. ("QAS") removed this action from state court and then moved to dismiss on the basis of ERISA preemption. It further asserts that Plaintiff Associated Financial Group, LLC ("AFG") has failed to join a necessary party. Plaintiff has opposed the motion and asks that the case be remanded back to state court. For the reasons given below, the motion to dismiss will be denied and the action will be remanded.

The facts alleged in the complaint are brief. In a nutshell, Plaintiff AFG alleges that Defendant QAS promised to pay AFG a fee of $20,000 (the briefs suggest it was a finder's fee) relating to AFG's act of finding and / or recommending QAS's services to Bellin Hospital. The services at issue related to Bellin's termination of a pension plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. The complaint alleges that the failure to pay this fee constitutes a breach of contract or unjust enrichment.

I will begin and end with the question of complete preemption. Preemption is notorious for tripping up litigants, and it does not disappoint here. Complete preemption means that a claim

brought by the Plaintiff as a state law claim is transformed through the magic of complete preemption into a federal ERISA claim. That is, no matter how the Plaintiff styles it, if the substance of the claim is completely preempted then it is an ERISA claim and *only* an ERISA claim. That means federal question jurisdiction exists because the case is an ERISA case regardless of the Plaintiff's intentions. In such cases, of course, removal to federal court is entirely appropriate.

But this is not a case of complete preemption. Here, the Plaintiff is not suing under an ERISA plan and is asserting no claims that may properly be transformed into federal ERISA actions. It is an aggrieved business entity whose contract and unjust enrichment claims against the Defendant only tangentially involve an ERISA plan. There is, in other words, no way to recharacterize the Plaintiff's claims as ERISA claims because they do not arise under ERISA at all – they are simply run-of-the-mill breach of contract type claims between two businesses.

Defendant QAS concedes that Plaintiff's claims do not arise under ERISA. It argues, however, that preemption applies because the claims "relate to" an ERISA plan. But that is a question of ERISA preemption rather than the complete preemption described above, and only the latter supplies a basis for federal question jurisdiction. A defendant may have an ERISA preemption defense, but that has nothing to do with whether the claim brought by the *Plaintiff* is subject to complete preemption and thus removable. *Lehmann v. Brown,* 230 F.3d 916, 919 (7th Cir. 2000) ("The district judge appears to have believed that any claim preempted by § 514(a) of ERISA, because "related to" a pension or welfare plan, may be removed to federal court. This, however, is not so. Following established precedent, we have distinguished between federal defenses, such as preemption, which must be presented to state court, and claims based on federal law, which are removable."); *see also Blackburn v. Sundstrand Corp.,* 115 F.3d 493, 495 (7th Cir. 1997) ("The fundamental claim . . . arises under state law. Sundstrand has at most an argument that

ERISA preempts application of the state's common-fund rule. Yet it has been understood for a very long time that a federal defense to a claim arising under state law does not create federal jurisdiction and therefore does not authorize removal. This is true of defenses under ERISA no less than of defenses under other federal statutes."); *Rice v. Panchal,* 65 F.3d 637, 639 (7th Cir. 1995) ("federal preemption that merely serves as a defense to a state law action (sometimes called 'conflict preemption') does not confer federal question jurisdiction.")

It is true that breach of contract and unjust enrichment cases are often completely preempted by ERISA. But in those cases, the Plaintiff is actually suing for benefits under an ERISA plan, which means ERISA supplies the law that will govern the case. Here, all sides agree that Plaintiff's claims do not arise under ERISA, and there is no plausible way of recharacterizing them as such. Thus, there is no basis for finding that this is actually a "federal" case. Instead, because this is merely a state law case that might involve a federal defense, there is no federal question jurisdiction and the case is not properly removable.[1]

The motion to dismiss is **DENIED**. The case is **REMANDED** to state court for lack of subject matter jurisdiction.

**SO ORDERED** this   23rd   day of November, 2010.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

---

[1] Because this Court lacks subject matter jurisdiction, I do not address the merits of the other arguments raised by the Defendant.